**Concurring and Opinion Filed February 9, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00662-CV**

_____

**LOGICAL SYSTEMS, INC. D/B/A LOGICAL SYSTEMS, LLC, Appellant**

**V.**

**EDGAR BERRIOS, INDIVIDUALLY AND AS NEXT FRIEND ON BEHALF OF CA.B., CESAR BERRIOS, AND ESTELA A. QUINTOS LOPEZ, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-01109-B**

## CONCURRING OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Molberg

Given the state of the appellate record, I concur in the two conclusions reached by the majority. I write, however, to express my view that the dismissal here was inappropriate in the first instance, considering the design-defect nature of appellees' claims against LSI, the weighty certificate of merit provided LSI and other defendants in the trial court, and the underlying purpose of the certificate of merit requirement.

As it comes to us, this is first and foremost a design-defect case. Its focus is on the alleged defective design of a product that caused injury to Edgar Berrios. Appellees submitted a detailed certificate of merit naming another party identified in a rule 202 deposition as the product's only engineer, and LSI's sole complaint regarding that certificate is that it names the other party, not LSI. Counsel stated:

> [T]he Certificate of Merit is only as against [the other party,] Diversified. And so, in terms of talking about the proficiency of the Certificate of Merit. We're not talking about the proficiency. There's an absence in this case. There is no Certificate of Merit that specifically names Logical Systems, Inc., Logical Systems, LLC, LSI Logical. We're not mentioned in any of the Certificate of Merits.

LSI did not challenge the substance of the certificate of merit, only that it did not specifically name LSI. LSI also did not argue it played no role in the design of the allegedly defective machine. LSI had the certificate of merit as long as any other defendant. After suit was filed, LSI filed an answer that did not mention any failure by appellees to comply with the certificate of merit requirement, initiated substantial discovery going to the merits of the case, sought to designate responsible third parties, and generally conducted itself in a manner inconsistent with a claim of entitlement to early dismissal under Texas Civil Practice and Remedies Code § 150.002(e). Then, months later—after limitations had arguably expired—LSI claimed the benefit of § 150.002(e).[1]

---

[1] *See LaLonde v. Gosnell*, 593 S.W.3d 212, 223 (Tex. 2019) (litigation conduct may result in waiver of dismissal rights under § 150.002). Among other factors, strategically waiting to file a motion to dismiss until after limitations has run is a factor that may be considered in determining whether waiver has occurred. *Id*. at 225. Here, appellees' original petition quoted from, but did not attach, the certificate of merit that

Considering the design-defect nature of appellees' claims and the detailed content of the certificate of merit, the dismissal of appellees' claims against LSI disserves the purpose of Texas Civil Practice and Remedies Code § 150.002. Although we cannot reach the question of the propriety of the dismissal of Berrios's claims against LSI, I submit that in a design-defect case, as long as the certificate of merit reflects an expert opinion that the design was defective, and the designer defendant was appropriately provided a copy thereof, it ought not matter, for § 150.002 purposes, which of the designers the certificate specifically names. This is especially true when, as appellees suggest occurred here, discovery points to a single designer at one point in the litigation and to multiple designers at another. The answer to that question is just an interrogatory or deposition away and has nothing to do with the ultimate question of design defect.[2]

---

appellees' expert signed eleven days prior to the lawsuit's filing. Two months after filing the lawsuit—and before the date LSI argues limitations expired—appellees filed their first amended petition, this time attaching the previously-quoted-from certificate of merit. Appellees attached the same certificate of merit to their second amended petition four months later. Throughout this time, and for another two months after the filing of appellees' second amended petition, LSI filed no pleading or motion to dismiss challenging appellees' compliance with the certificate of merit requirement.

[2] To the extent portions of *Macina, Bose, Copeland and Associates v. Yanez*, No. 05-17-00180-CV, 2017 WL 4837691 (Tex. App.—Dallas Oct. 26, 2017, pet. dism'd) (mem. op.), and *DHM Design v. Morzak*, No. 05-15-00103-CV, 2015 WL 3823942 (Tex. App.—Dallas June 19, 2015, pet. denied) (mem. op.), are to the contrary on the facts of this case, they should be overruled. Indeed, it is doubtful whether the analysis in either case withstands *LaLonde*, 593 S.W.3d 212, *Pedernal Energy, LLC v. Bruington Eng'g*, 536 S.W.3d 487 (Tex. 2017), and *Melden & Hunt, Inc. v. East Rio Hondo Water Supply Corporation*, 520 S.W.3d 887 (Tex. 2017). *See Bratton v. Pastor, Behling & Wheeler, L.L.C.*, No. 01-23-00015-CV, 2023 WL 8587652 (Tex. App.—Houston [1st Dist.] Dec. 12, 2023, no pet. h.) (mem. op.); *AMEC Foster Wheeler USA Corp. v. Maricelli*, No. 09-19-00122-CV, 2020 WL 3579567 (Tex. App.—Beaumont July 2, 2020, no pet.) (mem. op.).

Simply put, the dismissal of Berrios's claims against LSI represents an obnoxious example of the law being used to elevate form over substance and early dismissal over reasoned justice.

I concur in the majority's two conclusions but write separately to express my serious concern that in this instance, the dismissal under Texas Civil Practice and Remedies Code § 150.002 elevated form over substance and ultimately thwarted the statute's goal of "weed[ing] out frivolous claims before litigation commences, not to dispose of those that are potentially meritorious." *LaLonde,* 593 S.W.3d at 224.

/Ken Molberg/
230662cf.p05  KEN MOLBERG
JUSTICE

Reichek, J. joins in this concurring opinion